David D. Lin
Rachel Ann Niedzwiadek
LEWIS & LIN, LLC
77 Sands Street, 6th Floor
Brooklyn, NY 11201
david@ilawco.com
rachelann@ilawco.com
Tel: (718) 243-9323
Fax: (718) 243-9326

*Counsel for Ace Bedbug Exterminating NYC, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ACE BEDBUG EXTERMINATING NYC, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>LUIS BALSECA and ALL CLEAR BEDBUG REMOVAL LLC<br><br>*Defendants*. | Case No. 2:25-cv-1589<br><br>**CIVIL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ace Bedbug Exterminating NYC, LLC ("Ace" or "Plaintiff"), by and through its undersigned counsel, hereby submits this Complaint against Defendants Luis Balseca ("Balseca") and All Clear Bedbug Removal LLC ("All Clear" or collectively with Balseca "Defendants").

**PRELIMINARY STATEMENT**

1.  This is an action for recovery of damages and equitable relief arising from acts of unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), common law unfair competition, defamation *per se*, and trade libel in connection with Defendants' false reviews of Plaintiff's business and defamatory statements made directly to potential customers of Plaintiff.

1

2. Defendants Balseca and All Clear, who have never been customers of Ace, posted or caused to be posted, several false online reviews to publish false and defamatory statements about Plaintiff and its business. As a result of Defendants' misconduct, Plaintiff has been substantially and irreparably harmed.

3. Not satisfied with this, Defendants began directly defaming Plaintiff's services to potential customers in marketing Defendants' services to potential customers. This only further intensified the damage done to Plaintiff's reputation and revenue.

**PARTIES**

4. Plaintiff Ace Bedbug Exterminating NYC, LLC is a limited liability company organized and existing under the laws of New York, with a principal place of business located at 575 Fifth Avenue, New York, NY 10017.

5. Upon information and belief, Defendant Luis Balseca is a New Jersey resident domiciled at 178 Linwood Avenue E, Paramus, NJ 07652.

6. Upon information and belief, Defendant All Clear Bedbug Removal LLC is a limited liability company organized and existing under the laws of New Jersey, with a principal place of business at 178 Linwood Avenue E, Paramus, NJ 07652.

**JURISDICTION AND VENUE**

7. This Court has original subject matter jurisdiction over the federal unfair competition claims asserted in this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §§ 1367 and 1338.

8. This Court has further original subject matter jurisdiction over this action as these claims arise between parties of different States, Plaintiff as a citizen of New York, and Defendants

as citizens of New Jersey, and the sum in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332.

9. This Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4, as Defendants are both domiciled in the State of New Jersey and conduct significant business in the State of New Jersey.

10. Venue is proper under 28 U.S.C. § 1391(b) as Defendants reside in this District and a substantial part of the events giving rise to these claims occurred in this District.

**FACTUAL BACKGROUND**

11. Plaintiff Ace Bedbug Exterminating NYC, LLC is a New York limited liability company that provides bedbug extermination services to residential and commercial customers in New York City and surrounding counties, handling infestations in homes, apartments, offices, hotels, and other commercial spaces.

12. Ace is owned and managed by Mr. Luis Pantaleon.

13. Ace has been in business since November 2019 and has an excellent reputation in its industry, evidenced by hundreds of five-star reviews across Google, Yelp, and HomeAdvisor.

14. To protect the goodwill Ace has generated in connection with their tradename, Ace has submitted a trademark application with the United States Patent and Trademark Office ("USPTO") for "ACE BED BUG EXTERMINATING" in connection with pest control and extermination services, U.S. Serial Number 99027503 (the "Ace Trademark").

15. The Ace Trademark has been used regularly in interstate commerce, including within this District, to identify and distinguish Ace's high-quality pest control services.

16. Defendant Luis Balseca is also in the pest control industry, specifically bed bug extermination. Balseca is licensed as a pesticide applicator in both New Jersey (License #

57173B) and New York (Pesticide Applicator ID C2869382) and advertises his services online for counties across both states.

17. Balseca is the principal of several pest control businesses including Defendant All Clear Bedbug Removal LLC.

18. In January 2019, prior to becoming principal of Ace, Mr. Pantaleon was an independent contractor for Balseca and his extermination businesses. After nine months of working with Balseca, Mr. Pantaleon stopped providing services to Balseca and began his own pest control business, Ace.

*Defendants' Defamatory Reviews*

19. Upon information and belief, Defendants have carried out a campaign of false reviews to discourage customers from using Ace and to unfairly direct competition to Defendants.

20. Upon information and belief, Mr. Pantaleon's departure from Balseca's businesses has fueled Defendants' now five-year campaign against Ace.

21. Beginning May 2020, anonymous profiles began posting false reviews to Ace's Google Business page.

22. Defendants' behavior has now increased in frequency, posting eight separate defamatory reviews between May 11, 2024, and December 2, 2024 (the "Defamatory Reviews"). New reviews are often accompanied by harassing behavior from Balseca directly and occur in groups between months.

23. On May 11, 2024, a Google user identified as "Chasedy Marie" left a one-star review on Ace's Google Business page with no other comments. *See* **Exhibit A**.

24. On that same day, May 11, 2024, a Google user identified as "Angelica Colon" left another one-star review on Ace's Google Business page and stated: "Had an extremely bad

4

experience and I strongly do not recommend! I still have bedbugs and it's so disappointing! Again I DO NOT recommend!" *See* **EXHIBIT B.**

25. On May 23, 2024, a Google user identified as "Fatz Gallotto" posted a one-star review to Ace's Google Business page, again with no other comments. *See* **EXHIBIT C**.

26. On July 16, 2024, a Google user identified as "Madison S" posted a one-star review to Ace's Google Business page and stated: "I don't recommend!" *See* **EXHIBIT D**.

27. On November 3, 2024, Balseca *used his own Google user profile* "Luis Balseca" to post another one-star review to Ace's Google Business page with no comments. *See* **EXHIBIT E**.

28. On November 21, 2024, a Google user profile "Damian Sobers" posted a one-star review to Ace's Google Business page and stated: "After multiple service attempts Lewis didn't get rid of my bed bug problems." *See* **EXHIBIT F**.

29. On November 27, 2024, a Google user profile "Chell Kim" posted a one-star review to Ace's Google Business page and stated: "I called Luis at 530 am he came over and made a complete mess, I would expect more after paying 3200 and I still have bedbug. I do not recommend anyone to hire this company." *See* **EXHIBIT G**.

30. Finally, on December 2, 2024, a Google user profile "Chell Kim" posted another one-star review to Ace's Google Business page and stated: "I called Luis at 530 am he came over and made a complete mess. I would expect more after paying 3200 and I still have bedbug. Stay far far away[.]" *See* **Exhibit H**.

31. Upon information and belief, none of these reviews came from actual customers of Ace, and were rather done by or at the direction of Balseca for the benefit of All Clear. While these reviews were designed to look like they came from separate individuals, the similarities in wording

and timings between the posts reveal that all the reviews were orchestrated by Balseca, including Balseca's post from his own Google account.

32. First, the Defamatory Reviews often came in groups in 2024, three in May, one in July, and three in November, and a final review in the first week of December.

33. Tellingly, the Defamatory Reviews posted in November and December of 2024 were preceded by a barrage of threatening communication from Balseca to Ace's principal Mr. Pantaleon.

34. On November 3, 2024, Balseca called Mr. Pantaleon 18 times, leaving several voicemails, as well as numerous texts and recorded voice messages threatening Mr. Pantaleon. These messages stated, "You are who you are because of who I made you to be, motherfucker," "Really know I'm coming for you," and "I need to catch up to you and we gonna do a fist fight and I'm gonna bust your ass."

35. The November 3, 2024 messages also included threats that Mr. Pantaleon was going to meet a member of the "Unknown Bikers Motorcycle Club" and there were going to be "serious consequences" if Mr. Pantaleon did not cooperate.

36. The timing of this outburst accompanied by the final four reviews demonstrates the origin of these reviews to be Balseca.

37. Second, many of the Defamatory Reviews repeat the same statements, sometimes word for word or with only minimal alterations.

38. As noted above, the posts included with the reviews often contain exclamation points "!" and repeat the phrase "I do not recommend" with little context. *See supra* ¶¶ 24, 26, 29, Ex. B, D, G.

39. Further, the November 2024 posts referred explicitly to Mr. Pantaleon by his first name. *See supra* ¶¶ 28-30, Ex. F-H.

40. While Balseca attempted to make it appear as if real customers of Ace were posting these reviews, the use of the same phrases, complaints, and facts demonstrates these reviews came from the same source: Balseca.

41. All of the Defamatory Reviews are knowingly and materially false and were made to defame Ace.

42. As Defendants have never been a customer of Ace, any review posted by Balseca discussing Ace's service quality is false.

43. Balseca, for the benefit of All Clear, directed the Defamatory Reviews to be disseminated in such a fashion that a reasonable person would believe these reviews were made by customers with first-hand knowledge of Ace's services, and that the statements were based on an honest evaluation of those services.

44. Upon information and belief, Balseca, for the benefit of All Clear, published the Defamatory Reviews for the sole purpose of harming Ace's reputation and causing it to lose revenue, as all of the statements bear directly on Ace's services and professional capabilities—all key aspects of Ace's business and factors that any customer reviews before hiring a pest control company.

*Defendants' Defamatory Statements to Customers*

45. Balseca also sought to directly defame Ace to potential customers. Upon information and belief, Balseca regularly disseminates false and defamatory statements to customers in phone calls.

46. Upon information and belief, in December of 2022, Balseca spoke with a potential customer of Ace on the phone, Nahia Rahman.

47. Balseca, in promoting his own services to Ms. Rahman, discouraged her directly from using Ace's services because of the business practices of the owner of Ace, Mr. Pantaleon.

48. Upon information and belief, these statements include that Ace does not use the correct pesticides for extermination, that Ace cannot complete jobs properly, that Mr. Pantaleon left elderly clients with bedbugs when he resigned from Balseca's company, that Mr. Pantaleon stole his ideas and proprietary information by "infiltrating" Balseca's company.

49. All of these statements are false, and harm Ace's reputation.

50. Upon information and belief, in August 2024, Balseca distributed these same statements to another potential customer of Ace, Ernest Koroma, in a phone call promoting Balseca's own services.

51. In November of 2024, a former customer of Ace's, Ms. Jena Starke, reached out to Balseca for a price quote on another project.

52. Ms. Starke told Balseca that she had previously used Ace's services.

53. Balseca responded by directly discouraging Ms. Starke from using Ace again, and instead that she should use Balseca's services.

54. Balseca told Ms. Starke that Ace's owner worked under Balseca and "stole my ideas."

55. The false and defamatory statements made to Ms. Rahaman, Mr. Koroma, and Ms. Starke by Balseca, for the benefit of All Clear, are defamatory (the "Defamatory Phone Calls").

56. Mr. Pantaleon was a former independent contractor for Balseca, but Mr. Pantaleon did not "steal" ideas from Balseca or his business, and thus those statements are false.

8

57. Balseca's statement that Mr. Pantaleon left an elderly client without proper pest control services is similarly false.

58. Further, statements that Ace does not use the correct chemicals or does not perform services are similarly false. As Balseca has never been a customer of Ace, any statements relating to the quality of Ace's services based on Balseca's experience are necessarily false.

59. Ace is an ethical business that maintains its own equipment and customer list, and Balseca's comments are without foundation and made only due to Balseca's personal vendetta against Mr. Pantaleon.

60. The Defamatory Phone Calls were knowingly and materially false and were made to defame Ace.

61. Upon information and belief, the Defamatory Phone Calls were made for the sole purpose of harming Ace's reputation and causing the company to lose revenue, while simultaneously promoting Balseca and All Clear.

**FIRST CAUSE OF ACTION**
**(Unfair Competition, False Designation of Origin & False Description,**
**15 U.S.C. § 1125(a))**

62. Plaintiff hereby realleges and incorporates all prior allegations as set forth in Paragraph 1 through 61.

63. Balseca, for the benefit of All Clear, has knowingly and intentionally distributed false and misleading descriptions and representations of fact in the Defamatory Reviews and Defamatory Phone Calls.

64. The Defamatory Reviews and Defamatory Phone Calls contained false statements and misrepresentations of the quality of Ace's services, that they were poor quality, and that Ace could not perform jobs that it was hired to do. Further, Balseca directly represented to multiple

potential customers of Ace that Ace performed poor quality services, incorrectly applied pesticides, and that Ace's owner "stole" proprietary business information, all of which misrepresent the quality, characteristics, and nature of Ace's business.

65. The Defamatory Reviews and Defamatory Phone Calls were distributed in the commercial advertising and/or promotion of Defendants and misrepresented the nature, characteristics, and qualities of Ace's services and/or commercial activities.

66. The Defamatory Reviews were distributed on review sites where potential customers regularly evaluate Ace's services. The Defamatory Statement was distributed directly to a potential customer of Ace, in a marketing call directly promoting Defendants' services.

67. The Defamatory Phone Calls were advertising calls to potential customers of Balseca's services, and were for the explicit purpose of promoting Balseca's and All Clear's services as a bed bug exterminator.

68. For the aforementioned reasons, Ace is entitled to damages for all profits gained by Defendants as a result of their unfair competition and reputational damage in an amount not less than $100,000.

69. Ace has no adequate remedy at law for Defendants' ongoing wrongful conduct. Ace has been and, absent injunctive relief, will continue to be irreparably harmed by Defendants' actions.

## SECOND CAUSE OF ACTION
**(Common Law Unfair Competition)**

70. Plaintiff hereby realleges and incorporates all prior allegations as set forth in Paragraph 1 through 61.

71. Defendants and Ace are in the same industry and performing the same services, i.e. pest control services with a specialty in bed bug extermination.

72. Balseca, for the benefit of All Clear, has knowingly and intentionally distributed false and misleading descriptions and representations of fact in the Defamatory Reviews and Defamatory Phone Calls.

73. The Defamatory Reviews and Defamatory Phone Calls contained false statements and misrepresentations of the quality of Ace's services, that they were poor quality, and that Ace could not perform jobs that it was hired to do. Further, Balseca directly represented to potential customers that Ace "stole" information and ideas from Balseca.

74. The Defamatory Reviews and Defamatory Phone Calls were distributed in the commercial advertising and/or promotion of Defendants and misrepresented the nature, characteristics, and qualities of Ace's services and/or commercial activities.

75. The Defamatory Reviews were distributed on review sites where potential customers regularly evaluate Ace's services. The Defamatory Phone Calls were distributed directly to potential customers of Ace, in marketing calls directly promoting Defendants' services.

76. Defendants acted with bad faith and intent in making the Defamatory Reviews and Defamatory Phone Calls, as the statements were knowingly and materially false, and fueled by Balseca's own animosity towards Ace and its owner.

77. For the aforementioned reasons, Ace is entitled to damages for all profits gained by Defendants as a result of their unfair competition and reputational damage in an amount not less than $100,000.

78. Ace has no adequate remedy at law for Defendants' ongoing wrongful conduct. Ace has been and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

79. Accordingly, pursuant to N.J.S.A. 2A:15-5.11, Ace hereby requests an award of punitive damages.

### THIRD CAUSE OF ACTION
### (Defamation *Per Se*)

80. Plaintiff hereby realleges and incorporates all prior allegations as set forth in Paragraph 1 through 60.

81. Balseca, for the benefit of All Clear, acting individually or in concert with others, has intentionally made knowingly false statements of fact about Ace via the Defamatory Reviews and the Defamatory Phone Calls.

82. These statements were made maliciously and willfully and were intended to cause harm to Ace's business and reputation.

83. The aforementioned statements were false when made, as Defendants have never been customers of Ace, any comment regarding the quality of service delivered is necessarily false, nor has Ace stolen any proprietary information from Defendants.

84. The Defamatory Reviews and Defamatory Phone Calls were made of and concerning Ace, and were so understood by those who read the publication of them or heard the Defamatory Phone Calls.

85. The statements made by Balseca, for the benefit of All Clear, tend to injure Ace in its business trade and/or profession.

86. These statements were false and published to third parties in New Jersey, New York, the United States, and across the Internet.

87. As a result of these Defendants' actions, Ace has suffered irreparable damage to its reputation, and further damages in the form of lost customer relationships.

88. Accordingly, pursuant to N.J.S.A. 2A:15-5.11, Ace hereby requests an award of punitive damages.

89. As a result of the willful and malicious nature of the defamation, as well as the amplification of the defamation by assuming false identities and posting false reviews, Ace is entitled to damages in an amount of no less than $90,000.

## FOURTH CAUSE OF ACTION
### (Trade Libel)

90. Plaintiff hereby realleges and incorporates all prior allegations as set forth in Paragraph 1 through 60.

91. Balseca, for the benefit of All Clear, knowingly published false and derogatory statements regarding Ace's business.

92. Specifically, Balseca, for the benefit of All Clear, published materially false statements about the quality of Ace's business services via the Defamatory Reviews and Defamatory Phone Calls.

93. Defendants' statements were calculated to prevent others from doing business with Ace and interfered with Ace's business relationships with these parties.

94. Ace suffered special damages as a result of natural and direct result of Defendants' statements in the form of lost revenue and business relationships. Ace has had to hire online services to remove the false and defamatory reviews in the amount of $12,500.

95. Ace is entitled to damages, costs, and fees as allowed by law, but no less than $90,000.

96. Ace has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

97. Accordingly, pursuant to N.J.S.A. 2A:15-5.11, Ace hereby requests an award of punitive damages.

## PRAYER FOR RELIEF

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

WHEREFORE, Plaintiff prays for judgment as follows:

A. A permanent injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors, and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants from disparaging or otherwise posting or distributing defamatory comments about Ace or Mr. Pantaleon;

B. An Order directing Defendants to undertake such remedial efforts as the Court deems necessary to restore Plaintiff's reputation;

C. An award of damages for violation of 15 U.S.C. § 1125(a) of a sum to be determined at trial, but in an amount no less than $100,000;

D. An award of damages for defamation *per se* of a sum to be determined at trial, but Plaintiffs are entitled to punitive damages in an amount of no less than $90,000;

E. An award of damages for trade libel that Plaintiff has suffered as a result of Defendants' trade libel of a sum to be determined at trial, but Plaintiffs are entitled to punitive damages in an amount of no less than $90,000;

F. Punitive damages as requested under N.J.S.A. § 2A:15-5.11;

G. Attorneys' fees and costs as permitted by law; and

H. Such other relief as the Court deems just and equitable under the circumstances.

Dated: March 3, 2025
      Brooklyn, NY

                                            Respectfully Submitted,

                                            */s/ Rachel Ann Niedzwiadek*
                                            David D. Lin
                                            Rachel Ann Niedzwiadek
                                            LEWIS & LIN, LLC
                                            77 Sands Street, 6th Floor
                                            Brooklyn, NY 11201
                                            david@ilawco.com
                                            rachelann@ilawco.com
                                            Tel: (718) 243-9323
                                            Fax: (718) 243-9326
                                            *Counsel for Ace Bedbug Exterminating NYC, LLC*