**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ACE BEDBUG EXTERMINATING NYC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LUIS BALSECA and ALL CLEAR BEDBUG REMOVAL LLC,<br><br>Defendants. | Civil Action No. 25-1589 (JXN)(JRA)<br><br>**MEMORANDUM AND ORDER** |
| LUIS BALSECA, *individually*, and ALL OUT BED BUG EXTERMINATING LLC, *a New York LLC*,<br><br>Counterclaimants,<br><br>v.<br><br>ACE BEDBUG EXTERMINATING NYC, LLC, *a New York LLC*, and LUIS PANTALEON, *individually*,<br><br>Counterclaim-Defendants. | |

**NEALS**, District Judge:

Before the Court is Plaintiff/Counterclaim-Defendant Ace Bedbug Exterminating NYC, LLC ("Ace") and Counterclaim-Defendant Luis Pantaleon's ("Pantaleon") (collectively with Ace, "Plaintiffs"[1]) motion to dismiss Defendants/Counterclaimants Luis Balseca ("Balseca") and All Out Bed

---

[1] Pantaleon is not a named Plaintiff and is more appropriately classified as a Third-Party defendant. His classification is immaterial for the purposes hereof, however, and the Court accordingly adopts the parties' "Plaintiffs" reference.

1

Bug Exterminating, LLC's ("All Out") (collectively with Balseca, "Defendants") counterclaims, pursuant to Federal Rule of Civil Procedure[2] 12(b)(6) for failure to state a claim, and to strike Defendants' Sixth Affirmative Defense under Rule 12(f). (ECF No. 28.) Defendants filed opposition. (ECF No. 30). Plaintiffs filed a reply. (ECF No. 32). Jurisdiction is proper under 15 U.S.C. § 1121; 28 U.S.C. § § 1331, 1332, 1367 and 1338. Venue is proper under 28 U.S.C. § 1391(b). The Court has carefully considered the parties' written submissions and decides this matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons stated below, Plaintiffs' motion to dismiss is **DENIED without prejudice.**

## I.    <u>BACKGROUND</u>[3]

Pantaleon owns and operates Ace, a New York bedbug extermination company servicing New York City and the surrounding area. (*See* Compl. ¶¶ 1, 11–12.) Ace has been in business since November 2019, and according to Plaintiffs, has an excellent reputation in the industry, "evidenced by hundreds of five-star reviews across Google, Yelp, and HomeAdvisor." (*Id.* ¶ 13.) Ace submitted a trademark application with the United States Patent and Trademark Office ("USPTO") for "ACE BED BUG EXTERMINATING" in connection with pest control and extermination services, U.S. Serial Number 99027503 ("Ace Trademark"). (*Id.* ¶ 14.)

Balseca also owns several bedbug extermination companies, including All Clear, and does business in New York and New Jersey. (*Id.* ¶¶ 16–18.) Pantaleon used to work for Balseca as an exterminator. (*Id.* ¶ 18.) However, after nine months working together, Pantaleon quit and started Ace.

---

[2] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[3] The factual allegations are taken from the Complaint and Counterclaim, which are accepted as true. *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The Court assumes the parties' familiarity with the facts and procedural history of this matter and recounts those facts necessary to decide the instant motion.

(*Id.*) Plaintiffs claim that, after Pantaleon founded Ace, Defendants tried to exterminate Plaintiffs' business by posting false and disparaging reviews of Ace (*see id.* ¶¶ 19–44), and by badmouthing Ace to customers directly (*see id.* ¶¶ 45–61).

On March 3, 2025, Ace sued Defendants, alleging violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)—Unfair Competition, False Designation of Origin & False Description (First Count); Common Law Unfair Competition (Second Count); Defamation *Per Se* (Third Count); and Trade Libel (Fourth Count) in connection with Defendants' false reviews of Ace's business and defamatory statements made directly to potential customers of Ace. (*See generally id.*)

Defendants answered and filed a Counterclaim alleging the following causes of action: (I) False Advertising under Section 43(a) of the Lanham Act; (II) Breach of fiduciary duty: usurpation of a corporate opportunity; (III) Breach of fiduciary duty: Breach of the duty of loyalty; (IV) Misappropriation of trade secrets under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836(b); and (V) unfair competition in violation of either the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1 *et seq.*, or New York General Business Law ("NYGBL") § 349. (*See* Countercl., ECF No. 11.)

Plaintiffs moved to dismiss the counterclaim, arguing that Defendants failed to adequately allege violations of the Lanham Act, Defend Trade Secrets Act, or New York or New Jersey's consumer protection statutes, and failed to adequately allege fiduciary duty breaches. (*See* Pls.' Moving Br., ECF No. 28-1.)

By way of their opposition, Defendants seek leave to replead their state law unfair competition claims under New Jersey's Fair Trade Act ("NJFTA"), N.J.S.A. § 56:4-1, instead of the NJCFA, and under NYGBL § 350 instead of § 349. (*See* Defs.' Opp'n, ECF No. 30.) Defendants assert that repleading under New Jersey's Fair Trade Act is appropriate because the elements of unfair competition under the NJFTA and New Jersey common law "are the same as those required under the Lanham Act," with the exception

3

of the Lanham Act's interstate commerce requirement. (*Id.* at 14 (quoting *Mycone Dental Supply Co., Inc. v. Creative Nail Design, Inc.*, No. 11-4380, 2012 WL 3599368, at *7 (D.N.J. 2012).)

Defendants further contend that repleading under NYGBL § 350 instead of § 349 is appropriate because § 349 requires a consumer-oriented harm, while § 350 does not. (*Id.* at 14–15 (quoting *Weight Watchers Int'l, Inc. v. Noom, Inc.*, 403 F. Supp. 3d 361, 381 (S.D.N.Y. 2019).) According to Defendants, the standard for a NYGBL § 350 claim "is actually higher, as there must be 'specific and substantial injury to the public interest over and above the ordinary trademark infringement." *Noom*, 403 F. Supp. 3d. at 381 (citations omitted).

## II.    **DISCUSSION**

Because Defendants provide the grounds for amending their counterclaims, their request for leave to amend constitutes more than a "bare request in an opposition to a motion to dismiss" and falls "within the contemplation of Rule 15(a)." *See U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994)). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court may deny leave to amend, however, where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). "In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); *see also Sinico v. Barry*, No. 18-1259, 2020 WL 12814065, at *2 (M.D. Pa. July 2, 2020).

If a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.

4

Correspondingly, while granting or denying leave to amend is a matter committed to the Court's discretion, the Third Circuit has held that denying leave to amend absent futility or prejudice is an abuse of discretion. *See, e.g.*, *Toll Bros., Inc. v. Township of Readington*, 555 F.3d 131, 144 n.10 (3d Cir.2009) (holding that district court abused discretion in denying leave to amend where proposed amendment was neither futile nor prejudicial); *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 518–21 (3d. Cir. 1988) (same). Moreover, the Third Circuit has expounded that leave to amend should be granted liberally to ensure that claims will be decided on the merits rather than on technicalities. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487–88 (3d Cir. 1990); *Bechtel v. Robinson*, 886 F.2d 644, 652–53 (3d Cir. 1989). The record in this case shows no evidence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Vargas v. Meehan*, No. 11-2833, 2012 WL 1898127, at *2 (D.N.J. May 22, 2012). Because the Court liberally grants leave to amend and amendment in this case would not be prejudicial or futile, the Court exercises its discretion to allow Defendants the opportunity to file an Amended Counterclaim at this early stage of the litigation to clarify their allegations.

As the Court grants Defendants leave to amend, Plaintiffs' motion to dismiss the counterclaims is **denied without prejudice**. *See Vargas*, 2012 WL 1898127, at *3. The Court determines this is appropriate for efficient case management and disposition with economy of time and effort for itself, for counsel, and for litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

**AND NOW, this 4th day of May, 2026,**

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion to dismiss the counterclaims and strike the Sixth Affirmative Defense

(ECF No. 28) is **DENIED without prejudice**;

2. Defendants shall have thirty (30) days from the date of this Order to file amended counterclaims.

DATED: 5/4/2026

**JULIEN XAVIER NEALS**
**United States District Judge**